# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ROBIN ANNETTE BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 1:16-cv-00032<br>CHIEF JUDGE CRENSHAW |

## ORDER

Before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge (Doc. No. 22), recommending that the Court reverse the final decision of the Commissioner and remand the case to the Commissioner for further proceedings. The Commissioner filed timely objections (Doc. No. 22), to which Plaintiff responded (Doc. No. 24). After a de novo review, and for the following reasons, the Commissioner's Objections are **OVERRULED** and the R&R is **ADOPTED**.

The Commissioner argues that the Administrative Law Judge's decision was within the "allowable zone of choice." (Doc. No. 23 at 2.) She specifically argues that the ALJ "provided appropriate reasoning and cited substantial evidence from throughout the relevant period to support a reasonable finding." (Id. at 3.) She argues that the record as a whole supports the ALJ's finding that Plaintiff could stand for four hours in an eight hour workday is supported by substantial evidence in the record. (Id. at 5.)

The R&R concludes finding that the ALJ's decision was not supported by substantial evidence. The R&R acknowledges that "[a]s long as the ALJ cited substantial, legitimate evidence

to support his factual conclusions, [courts] are not to second-guess." (Doc. No. 22 at 16 (citing Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 714 (6th Cir. 2012)). Indeed, "[i]f the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." Ulman, 693 F.3d at 714 (quoting Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). However, the R&R recommends reversal because, even under this deferential standard, the ALJ cited no evidence that Plaintiff could walk for four hours per day for five days per week, and such a conclusion is contrary to the only opinion evidence in the record from Damon P. Dozier, M.D. (Doc. No. 22 at 16-17.) This Court agrees.

The Court overrules the Commissioner's objections and adopts the R&R. The Court has reviewed the record and finds that no evidence in the record that supports that Plaintiff can stand for four hours in an eight hour workday. Remanding this case will allow the Commissioner to develop the record as to the ongoing effects of Plaintiff's morbid obesity and whether the degenerative condition in Plaintiff's right knee is worsening to the point where Plaintiff cannot work.

For the foregoing reasons, the Commissioner's Objections (Doc. No. 23) are **OVERRULED**, the R&R (Doc. No. 22) is **ADOPTED**, Plaintiff's Motion for Judgment on the Record (Doc. No. 18) is **GRANTED**, and this case is **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE